```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
STEVEN BABCOCK, on behalf of the
Computer Management Sciences, Inc.,
Employee Stock Ownership Plan and
Trust, and himself and all others
similarly situated,

                    Plaintiffs,

          -against-                    MEMORANDUM AND ORDER
                                       00-CV-1648(JS)(MLO)

COMPUTER ASSOCIATES INTERNATIONAL,
INC., JERRY DAVIS, ANTHONY V. WEIGHT,
WALTER S. MILLSAPS, IRA ZAR, HALSEY
WISE, STEVEN WOGHIN, COMPUTER
MANAGEMENT SCIENCES, INC., DONALD C.
WHITE and COMPUTER MANAGEMENT SCIENCES,
INC. EMPLOYEE STOCK OWNERSHIP PLAN AND
TRUST fully and as Nominal Defendant,

                    Defendants.
----------------------------------X

APPEARANCES:

For Plaintiffs:        Charles R. Watkins, Esq.
                       John R. Wylie, Esq.
                       Susman, Watkins & Wylie, LLP
                       Two First National Plaza, Suite 600
                       Chicago, Illinois 60603

                       David C. Harrison, Esq.
                       Lowey, Dannenberg, Bemporad,
                       & Selinger, P.C.
                       The Gateway, 11th Floor
                       1 North Lexington Avenue
                       White Plains, New York 10601

For Defendants:        John P. McEntee, Esq.
                       Farrell Fritz, P.C.
                       1320 Reckson Plaza
                       Uniondale, New York 11556-1320

SEYBERT, District Judge:
```

**INTRODUCTION**

Pending before the Court is a motion for a certificate of appealability or in the alternative, a motion for reconsideration. This motion was brought by Defendants, Computer Associates International, Inc. ("CA"), Jerry Davis ("Davis"), Anthony V. Weight ("Weight"), Walter S. Millsaps ("Millsaps"), Ira Zar, Halsey Wise, Steven Woghin, Computer Management Sciences, Inc. ("CMSI"), Donald C. White, and Computer Management Sciences, Inc. Employee Stock Ownership Plan and Trust ("Plan") (collectively, the "Defendants"). For the reasons below, the Court DENIES Defendants' motion for a certificate of appealability and reconsideration.

At this point, the parties to this case are familiar with the facts. Thus, the Court need not recite them again. The Court refers the parties to its statement of facts in its previous order denying summary judgment and fully incorporates them in this Order. See Babcock v. Computer Assocs. Int'l, Inc., 00-CV-1648 (E.D.N.Y. March 28, 2006) (order denying summary judgment).

**DISCUSSION**

Defendants base their motion on this Court's finding that Plaintiffs have standing. Defendants contend that the Second Circuit has yet to rule on the issue of standing in this case. Defendants cite cases in other circuits that have similar facts to this action. In those other cases, those courts found that the plaintiffs had no standing. The cases Defendants rely upon hail

2

from Rhode Island, New Jersey, and Texas.

I.   <u>Standard For Certificate Of Appealability</u>

Generally, a party may appeal only final decisions of a district court.  <u>See</u> 28 U.S.C. § 1291; <u>Mayers v. N.Y. Cmty. Bancorp, Inc.</u>, 03-CV-5837, 2006 U.S. Dist. LEXIS 48778, at *27 (E.D.N.Y. July 18, 2006).  However, district courts may certify certain issues for interlocutory appeal.  <u>See</u> 28 U.S.C. § 1292(b). Before a district court certifies an issues for interlocutory appeal, the district court must find that (1) "the order involves a controlling question of law [(2)] as to which there is substantial ground for difference of opinion and [(3)] that an immediate appeal from the order may materially advance the ultimate termination of the litigation."  28 U.S.C. § 1292(b).

The certification procedure is "not intended to open the floodgates to a vast number of appeals from interlocutory orders in ordinary litigation." <u>Mayers</u>, 2006 U.S. Dist. LEXIS 48778, at *29 (citation and internal quotation marks omitted).  The Second Circuit cautions district courts to strictly limit the use of the certification procedure.  <u>See</u> <u>In re Flor</u>, 79 F.3d 281, 284 (2d Cir. 1996).  "Only exceptional circumstances [will] justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment."  <u>Id.</u> (quoting <u>Klinghoffer v. S.N.C. Achille Lauro</u>, 921 F. 2d 21, 25 (2d Cir. 1990)).

3

The Second Circuit has also noted that the "mere presence of a disputed issue that is a question of first impression, standing alone, is insufficient to demonstrate a substantial ground for difference of opinion." Id. The district judge's duty is "to analyze the strengths of the arguments in opposition to the challenged ruling when deciding whether the issue for appeal is truly one on which there is a substantial ground for dispute." Id.

Even when the statutory criteria are met, district court judges have "broad discretion to deny certification." Mayers, 2006 U.S Dist. LEXIS 48778, at *30 (quoting Nat'l Asbestos Workers Med. Fund v. Philip Morris, Inc., 71 F. Supp. 2d 139, 166 (E.D.N.Y. 1999)). In this scenario, district courts must consider "(1) the benefit of further factual development and a complete record on appeal, particularly in rapidly developing or unsettled areas of the law; (2) the time an appeal would likely take; (3) the need for a stay pending appeal and the effect on the litigation, including discovery, that would result from a stay; and (4) the probability that other issues may moot the need for the interlocutory appeal." Id. (quoting Nat'l Asbestos Workers Med. Fund, 71 F. Supp. 2d at 163) (internal quotation marks omitted).

II. Application

The Court now turns to the facts at hand and finds that it must deny Defendants' motion for an interlocutory appeal. First, not all the statutory criteria have been met in this case.

Second, the Court has considered the factors stated above and find that they weigh in favor of denying certification.

The only issue Defendants raise for interlocutory appeal is the Plaintiffs' standing. Defendants argue that the Court erred by finding that Plaintiffs had standing. To support their argument, Defendants cite a number of recent cases decided outside of the Second Circuit. Defendants contend that these cases "are inconsistent with" the case law in this Circuit, specifically the case of Gray v. Briggs, 97-CV-6252, 1998 U.S. Dist. LEXIS 10057 (S.D.N.Y. July 7, 1998). Defendants claim that this is enough to be a substantial ground for a difference of opinion - which is one of the statutory criteria for an interlocutory appeal.

The Court disagrees. First, none of the inconsistencies Defendants point to lie within the Second Circuit. Second, the fact that the Second Circuit has not yet decided this issue is of little import. See In re Flor, 79 F.3d at 284 (stating that "a question of first impression, standing alone, is insufficient to demonstrate a substantial ground for difference of opinion."). Third, courts in the Eastern District of New York have already found that Plaintiffs have standing in this case three times: first, when Defendants' motion to dismiss was denied; second, when the Class was certified; and third, when this Court denied Defendants' motion for summary judgment. See Babcock v. Computer Assocs. Int'l, Inc., 186 F. Supp. 2d 253, 259 (E.D.N.Y. 2002)

(Spatt, J., presiding); Babcock v. Computer Assocs. Int'l, Inc., 00-CV-1648, 2003 U.S. Dist. LEXIS 150, at *17 (E.D.N.Y. Jan. 8, 2003) (Spatt, J., presiding); Babcock v. Computer Assocs. Int'l, Inc., 00-CV-1648 (E.D.N.Y. March 28, 2006) (order denying summary judgment) (Seybert, J., presiding).

But even if the Court agreed with Defendants that all the statutory criteria had been met - which it does not - the Court cannot grant the certification motion for other reasons. The consideration of factors leans in favor of denying the motion for a certificate of appealability. An appeal and a stay would delay this seven-year-old action yet again and for an unpredictable amount of time.

The ultimate termination of this litigation may not materially advance if the Second Circuit rules as this Court and Judge Spatt have ruled three times - that Plaintiffs have standing. An interlocutory appeal would then materially delay this action. While a wealthier litigant can more easily afford the costs of litigation, the less fortunate litigants would lose. The final judgment rule protects the judicial process as well as the poor. See Mayers, 2006 U.S. Dist. LEXIS 48778, at *35. Lastly, either a settlement or a victory for Defendants at a trial would obviate the need for any appeal. See id. at *36. Accordingly, the Court DENIES Defendants' motion for a certificate of appealability.

III. Motion For Reconsideration

Local Civil Rule 6.3 provides that:

> A notice of motion for reargument shall be served within ten (10) days after the docketing of the court's determination of the original motion. There shall be served with the notice of motion a memorandum setting forth concisely the matters or controlling decisions which counsel believes the court has overlooked. No oral argument shall be heard unless the court grants the motion and specifically directs that the matter shall be reargued orally. No affidavits shall be filed by any party unless directed by the court.

LOCAL CIV. R. 6.3.

In considering such a motion, the standard "is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked -- matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp., Inc., 70 F.3d 255, 256-57 (2d Cir. 1995) (citations omitted).

This Court cannot merely consider the same arguments that were previously submitted. See Ruiz v. Comm'r of the D.O.T. of the City of N.Y., 687 F. Supp. 888, 890 (S.D.N.Y. 1988), modified on other grounds, 934 F.2d 450 (2d Cir. 1991). This Court must find that it overlooked facts or controlling precedent which "would have mandated a different result." Bell Sports, Inc. v. Sys. Software Assocs., 71 F. Supp. 2d 121, 126 (E.D.N.Y. 1999) (quoting Durant v. Traditional Invs., Ltd., No. 88-CV-9048, 1990 U.S. Dist. LEXIS 4768, at *1 (S.D.N.Y. April 25, 1990)).

The Court DENIES Defendants' motion for reconsideration. Defendants merely challenge Plaintiffs' standing for a fourth time. Notably, Defendants have not cited any case law <u>in this Circuit</u> that contradicts the holdings in this case or supporting case law. Accordingly, the Court finds that it has not overlooked any "**controlling decisions**." Shrader v. CSX Transp., Inc., 70 F.3d at 256-57.

## **CONCLUSION**

For all of the foregoing reasons, this Court DENIES Defendants' motion for a certificate of appealability and in the alternative, a motion for reconsideration.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: Central Islip, New York
February 9, 2007